(104 So. 687)

### IRONS v. STATE. (8 Div. 245.)

(Court of Appeals of Alabama. June 9, 1925.)

1. Criminal law ☜753(2) — Where evidence supports verdict, general affirmative charge properly denied.

Where there was abundant evidence to support the verdict, it was not error to refuse a general affirmative charge in defendant's favor.

2. Criminal law ☜809—Instruction found unintelligible properly refused.

In prosecution for distilling, an instruction, as to considering evidence that two other parties had been convicted of operating the same still for purpose of generating a doubt, held properly refused as unintelligible.

Appeal from Circuit Court, Lauderdale County; Charles P. Almon, Judge.

George Irons was convicted of distilling, and he appeals. Affirmed.

Charge 2, refused to defendant, is as follows:

"Gentlemen of the jury you may consider the evidence that two parties have already been convicted on the charge of operating this still for the purpose of generating a doubt in your mind of the guilt of the defendant, when without such testimony would have no doubt."

Mitchell & Hughston, of Florence, for appellant.

Briefs of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

RICE, J. The defendant was convicted of the offense of distilling, etc., and appeals.

No brief has been filed on behalf of either the defendant or the state. Nothing new or novel is raised by any exception reserved during the trial. It would be of no value to discuss the testimony.

[1] Suffice to say we have carefully read the record, and are of the opinion there was abundant evidence to support the verdict returned. It follows there was no error in refusing to give the general affirmative charge in defendant's favor. Each exception taken on the admission or rejection of testimony has been considered, and in each instance we find the trial court's action free from error.

[2] Charge 2 requested by defendant, was, as pointed out by the trial court, unintelligible, and hence, was properly refused.

We find no prejudicial error in the record, and the judgment is affirmed.

Affirmed.